## Breuer v. Breuer.

(Decided May 7, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Divorce—Husband Should Not be Compelled to Account for Sum Received by Wife After Children were Grown and Educated which, if Spent, was Spent by Her in Winter and Summer Resorts.—Husband should not be compelled, in divorce suit, to account to wife for sum received by her after children were grown and educated, which if spent was spent by her in winter and summer resorts.

ISAAC SHERMAN and O. G. EVERBACK for appellant.

BRUCE, BULLITT, GORDON & LAURENT, WILLIAM MARSHALL BULLITT and SQUIRE OGDEN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part, reversing in part.

The appellee, who will be referred to as the wife, sued the appellant, who will be referred to as the husband, for a divorce, alleging cruel and inhuman treatment. She further alleged that during and because of the marriage, she let her husband have $1,000.00, and that she had spent $15,000.00 of her own money in the maintenance of herself and the education of her daugh-

ters, and for these two sums, she asked judgment against her husband. She also sought $50,000.00 alimony and suitable attorneys' fee.

The husband, in his answer, denied all that was alleged in her petition, and sought a divorce upon the ground of five years' separation.

The trial court found against the wife, and in favor of the husband, but allowed Mrs. Breuer an alimony of $11,000.00 and $500.00 attorneys' fee. From this judgment the husband has appealed, and the wife has prosecuted a cross-appeal. She wants the sums prayed for in her petition, and $1,750.00 attorneys' fee.

The evidence relative to the $1,000.00 claim is not such as to convince us that the chancellor erred in not allowing it. The $15,000.00 was received by Mrs. Breuer after her children were grown and educated. She does not claim she ever let her husband have this money, or any of it. The evidence seems to indicate that if this money has been spent, Mrs. Breuer spent it at winter resorts in Florida and summer resorts in Michigan, and we can see no reason why the husband should have to account for that.

In so far as attorneys' fees are concerned, the allowance of $500.00 is ample for such fees as the wife is entitled to have allowed for the preparation and trial of this case in the lower court and in this court, including that of the petition for rehearing.

In view of the husband's debts and his estate, the allowance of $11,000.00 alimony was unreasonable, and upon the return of the case, the court will enter an order requiring the husband to thereafter pay to his wife a monthly allowance of $125.00, until further order of the court. To that extent only, is this judgment reversed. In all other respects, it is affirmed on both the original and cross appeals.